

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:05-CR-50** |
| | § | |
| **FERNANDO AYALA a/k/a** | § | |
| **JOSE ANGEL ACUNA** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States

Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the

Federal Rules of Criminal Procedure. *See Order Referring Plea* [Clerk's doc. #27].  Magistrates

have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty"

pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir.

2002), *cert. denied,* 123 S. Ct. 1642 (2003).

1

On February 24, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Fernando Ayala a/k/a Jose Angel Acuna, on **Count 1** of the charging Information filed in this cause.  Count 1 of the Information charges that on or about the 10th day of August, 2005, in the Eastern District of Texas, Fernando Ayala a/k/a Jose Angel Acuna, the Defendant herein, did knowingly and intentionally travel in interstate commerce with intent to otherwise promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of an unlawful activity, to wit: a violation of the Controlled Substances Act and thereafter promoted, managed, established, carried on or facilitated or attempted to promote, manage, establish, carry on or facilitate the delivery of methamphetamine, by concealing the methamphetamine in his vehicle and thereafter driving from in and around a location in Houston, Texas, to a location in and around Indianapolis, Indiana, in violation of Title 18, United States Code, Section 1952(a)(3).  *See Information*.

Defendant, Fernando Ayala a/k/a Jose Angel Acuna, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the defendant personally in open court, the Court determines that Defendant Fernando Ayala a/k/a Jose Angel Acuna's plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 1952(a)(3).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence.  *See Factual Resume.* If the case proceeded to trial, the Government and Defendants agreed that the Government would prove beyond a reasonable doubt, through the sworn testimony of numerous witnesses, that the defendant knowingly traveled in interstate commerce to commit a violation of the Controlled Substances Act.  The Defendant admits that the following facts are true and correct, as stated in the *Factual Resume*:

On or about August 10, 2005, Investigator Douglass Phillips of the Deep East Texas Regional Narcotics Task Force pulled over a vehicle driven by the Defendant after observing a

3

violation of the Texas Transportation Code.  This occurred in the Eastern District of Texas. After making contact with the Defendant, Investigator Phillips advised the Defendant why he was pulled over and that he would receive a warning citation.

During the traffic investigation, the Defendant informed Investigator Phillips that he had been in Houston for two weeks and that he was headed home to Indiana to work.  Investigator Phillips asked for consent to search the vehicle, which Defendant granted.

As Investigator Phillips was searching the undercarriage of the vehicle, he noticed a large amount of mud that had been smeared up and down the drive shaft.  He also noticed that there were non-factory welds on the drive shaft.  Investigator Phillips also noticed that the bolts securing the drive shaft in place had recent signs of tampering.  Investigator Phillips further observed a hole at one end of the drive shaft and noticed a brown powdery substance at the end of the drill bit.  This field-tested positive for methamphetamine.  Once the drive shaft was removed, Investigator Phillips discovered approximately 1452 grams of methamphetamine in the drive shaft of the vehicle.  The methamphetamine seized was sent to the DPS crime lab where it was tested and did, in fact, test positive for methamphetamine.

Defendant, Fernando Ayala a/k/a Jose Angel Acuna, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

4

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[1]  Accordingly, it is further recommended that, Defendant, Fernando Ayala, a/k/a Jose Angel Acuna, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 1952(a)(3).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the

---

[1]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.  *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by

reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*
*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.
1981) (per curiam).

**SIGNED this the 28th day of February, 2006.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE